## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

| | | |
|---|---|---|
| **LEE MCDANIEL PARKER,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **VS.** | : | |
| | : | **CIVIL No: 5:16-CV-087-CAR-MSH** |
| **UNITED STATES OF AMERICA,** | : | |
| **et al,** | : | |
| | : | |
| **Defendants.** | : | |

## ORDER

Plaintiff Lee McDaniel Parker, a federal prisoner confined at the United States Penitentiary in Terre Haute, Indiana, has filed a *pro se* civil complaint in this Court seeking relief under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971); the Tucker Act, 28 U.S.C. §§ 1346, 1491; and the Federal Tort Claim Act, 28 U.S.C. §§ 1346(b) & 2671–80.   Plaintiff has also requested permission to proceed in this action without prepayment of the filing fee and has moved for both the appointment of counsel and for immediate injunctive relief.   For those reasons stated herein, Plaintiff will be permitted to proceed *in forma pauperis*, but his motions are **DENIED**; and his Complaint must be **DISMISSED WITHOUT PREJUDICE** for failure to state a claim. *See* 28 U.S.C. § 1915A(a), (b).

### I.     Motion to Proceed *in forma pauperis*

Upon filing his Complaint, Plaintiff requested that he be allowed to proceed in this action without prepayment of the filing fee.   Based on his submissions, the Court finds that

Plaintiff is currently unable to pre-pay the $350.00 fee.   His Motion for Leave to Proceed *in forma pauperis* is thus **GRANTED**.   This does not mean that the filing fee is waived. Plaintiff is still obligated to pay the full balance of the filing fee using the payment plan described in § 1915(b).   *See* 28 U.S.C. § 1915(b).

Therefore, in accordance with those provisions within the Prison Litigation Reform Act, Plaintiff's custodian is now **ORDERED** to remit to the Clerk of Court each month twenty percent (20%) of the preceding month's income credited to Plaintiff's inmate account until the $350.00 filing fee has been paid in full, provided the amount in the account exceeds $10.00.   Transfers from Plaintiff's account shall continue until the entire filing fee has been collected, notwithstanding the dismissal of Plaintiff's lawsuit.   If Plaintiff is hereafter released from custody, he shall remain obligated to pay any remaining balance due of the above filing fee. Collection from Plaintiff of any balance due by any means permitted by law is hereby authorized in the event Plaintiff fails to remit payment.

The Clerk is **ORDERED** to forward a copy of this **ORDER** to the warden and/or business manager of the facility in which Plaintiff is incarcerated so that withdrawals from his account may commence as payment towards the Court's filing fee.

## II.   Motion for Appointment of Counsel

When filing his Complaint, Plaintiff also moved for the appointment of legal counsel.   Pursuant to 28 U.S.C. § 1915(e)(1), the district court "may request an attorney to represent any person unable to afford counsel."   There is, however, "no absolute constitutional right to the appointment of counsel" in civil cases.   *Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir. 1987).   Appointment of counsel is a privilege that is justified

only by exceptional circumstances.   *Lopez v. Reyes*, 692 F.2d 15, 17 (5th Cir. 1982).

Here, Plaintiff has successfully filed a *pro se* civil complaint and adequately articulated the nature of his legal claims.   The Court is now required to review his submissions to determine whether Plaintiff's allegations will support those or other colorable legal claims.   This process is routine in *pro se* prisoner actions and is thus not an "exceptional circumstance" justifying the appointment of counsel.   At this point, the facts stated in Plaintiff's Complaint are not complicated, and the law governing Plaintiff's claims is neither novel nor complex.   The Complaint likewise demonstrates that Plaintiff is able to articulate the facts of his claims and that he has a basic understanding of the law.

The Court thus finds that the essential facts and legal doctrines in this case are, at this time, ascertainable by Plaintiff without the assistance of an attorney - despite his incarceration, limited access to legal materials, lack of litigation experience, and medical conditions.   Plaintiff's Motion for the Appointment of Counsel (ECF No. 2) is accordingly **DENIED**.

### III.   Motion for Preliminary Injunction

Plaintiff has also moved for preliminary injunction which would bar Defendants from retaliating against him for filing the present lawsuit.   *See* Motion, EFC No. 6 at 1. Plaintiff, however, is no longer confined within this Court's jurisdiction and none of the official or employees at his current place of confinement are named as parties in this lawsuit.   Furthermore, it is already unlawful for a prison official or employee to "retaliate" against a prisoner, or otherwise deny a prisoner medical care, because of his having filed a grievance or lawsuit concerning the conditions of his imprisonment. *See Farrow v. West*, 320 F.3d 1235, 1248 (11th Cir. 2003).   The Court cannot simply issue a general injunction

barring unnamed persons from violating the law at some point in the future. *See SEC v. Smyth*, 420 F.3d 1225, 1233 (11th Cir. 2005) ("This circuit has repeatedly held that 'obey the law' injunctions are unenforceable."); *Payne v. Travenol Lab., Inc.*, 565 F.2d 895, 898 (11th Cir. 1978) ("'[O]bey the law' injunctions cannot be sustained."); *Burton v. City of Belle Glade*, 178 F.3d 1175, 1201 (11th Cir. 1999). Plaintiff's Motion is thus **DENIED** – and for the reasons stated below – also deemed **MOOT**, *see McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1306 (11th Cir. 1998).

## IV. Preliminary Review of Plaintiff's Complaint

### A. Standard of Review

Because Plaintiff is a prisoner "seeking redress from a governmental entity or [an] officer or employee of a governmental entity," this Court is also required to conduct a preliminary screening of his allegations. *See* 28 U.S.C. § 1915A(a). In so doing, the district court must accept all factual allegations in the complaint as true. *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004). *Pro se* pleadings are also "held to a less stringent standard than pleadings drafted by attorneys" and are "liberally construed" by the court. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

A *pro se* pleading is, nonetheless, subject to dismissal prior to service if the court finds that the complaint, when construed liberally and viewed in the light most favorable to the plaintiff, fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915A(b)(1). To state a claim, a complaint must include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). The plaintiff must also allege sufficient facts to "raise the right to relief above the speculative

level" and create "a reasonable expectation" that discovery will reveal evidence to prove a claim.  *Id*.  "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009).  "[A] complaint must contain either direct or inferential allegations" from which the court can identify the "material elements necessary to sustain a recovery under some viable legal theory." *Green v. Sec'y, Fla. Dep't of Corr.*, 618 F. App'x 655, 656 (11th Cir. 2015) (quoting *Snow v. DirecTV, Inc.*, 450 F.3d 1314, 1320 (11th Cir. 2006). *See Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 684 (11th Cir. 2001).

### B.  Plaintiff's Complaint

The present action arises out of a denial medical care for a prisoner while in the custody of the United States Marshals Service and Bureau of Prisons.  The Complaint alleges that Plaintiff was convicted of federal charges and later confined at the Jones County Jail until he could be transferred to a federal facility.  While in Jones County, Plaintiff suddenly lost vision in one eye.  The following day, on February 17, 2015, Plaintiff was taken to a specialist who concluded that "immediate surgery was required" – "within the next (7) days" – or else Plaintiff "would lose all vision in his left eye."  Compl. at 5.  These statements were made in the presence of Jones County Jail "personnel" and a U.S. Marshal.[1]  Plaintiff was then taken back to the Jones County Jail by the U.S. Marshal. In the days that followed, Plaintiff continued to complain about his eye, but he was only given Ibuprophen for the pain; and the surgery was not scheduled.  *See id.*

---

[1] For the purpose of this review, the Court presumes that each identification of "the U.S. Marshal" is a reference to a single (and the same) individual from the Macon, Georgia office.

Nine days later, on February 26, 2015, the U.S. Marshal returned to deliver Plaintiff to the United States Penitentiary in Atlanta, Georgia along with Plaintiff's "medical records and all mediations."   Personnel at the Penitentiary were also "explicitly informed of the dire need for immediate surgery on [Plaintiffs'] left eye in order to restore his vision."   Plaintiff remained at the Penitentiary in Atlanta for two weeks without any treatment for his eye and his condition worsened.   He was then transferred to the Oklahoma City Federal Correctional Institution.   It appears that, as a result of the denial or delay in medical care by officials at the Jones County Jail and/or the Bureau of Prisons, Plaintiff has permanently lost vision in his left eye.

After making attempts to exhaust all available administrative remedies, Plaintiff filed the present lawsuit against the United States of America, the United States Marshals Service, and the individual U.S. Marshal from the Macon, Georgia office, as well as the warden, doctor, and nurse at the U.S. Penitentiary in Atlanta.   As for his "Legal Claims," *see* Compl. at 9, Plaintiff states that Defendants "through their careless and neglectful misconduct" and "deliberate indifference to [his] medical needs," violated his rights under the Eighth Amendment for which he is entitled to relief under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971).   In the beginning of his Complaint, Plaintiff also claims federal jurisdiction under both the Tucker Act and Federal Tort Claim Act (herein FTCA).   The Tucker Act is simply not applicable to Plaintiff's tort claims.[2]   *See* 28 U.S.C. §§ 1346(a)(2), 1491; *Tempel v. United States*, 248

---

2 Under the Tucker Act, the United States has waived [sovereign] immunity for claims based "upon any express or implied contract with the United States, or for liquidated damages in cases

U.S. 121, 129 (1918).   Any claims brought under the Tucker Act are thus **DISMISSED**.

Claims under both *Bivens* and the FTCA do, however, allow injured plaintiffs to obtain

remedy for torts committed by government employees.   A plaintiff may proceed against

the United States, under the FTCA, and directly against the federal employee(s)

under *Bivens*.   *See Denson v. United States,* 574 F.3d 1318, 1336 (11th Cir. 2009) ("As

co-extensive causes of action, *Bivens* and FTCA claims necessarily arise from the same

wrongful acts or omissions of a government official[,]") (quoting *Carlson v. Green,* 446

U.S. 14, 20 (1980) ("plaintiffs, '[i]n the absence of a contrary expression from Congress, ...

shall have an action under FTCA against the United States as well as a *Bivens* action

against the individual officials alleged to have infringed their constitutional rights' ").

                1.   Plaintiff's *Bivens* Claims

Upon review, the Court finds that Plaintiff has failed to allege facts sufficient to

state a *Bivens* claim.   Neither the United States Government nor the United States

Marshal's service are subject to suit under *Bivens*.   *See generally*, *Larson v. Domestic and*

*Foreign Commerce Corp*., 337 U.S. 682, 688–89 (1949); *FDIC v. Meyer*, 510 U.S. 471,

484-86 (1994).   Plaintiff's Complaint is thus construed as bringing *Bivens* claims against

only the individual defendants: the unidentified U.S. Marshal; the Warden at the U.S.

Penitentiary in Atlanta; Defendant Dr. Martin at the U.S. Penitentiary in Atlanta; and

Defendant Nurse Carol Robinson at the U.S. Penitentiary in Atlanta.

Plaintiff's allegations, however, do not include any reference to either Dr. Martin or

Nurse Robinson.   It is unclear whether or how either individual knew of Plaintiff's need

---

not sounding in tort." 28 U.S.C. § 1491(a)(1).

for immediate medical care or how they were involved in the denial thereof.   Plaintiff's claim against the Warden is similarly ambiguous and apparently based upon a theory of supervisory liability.   Supervisory prison officials, however, cannot be held liable for the unconstitutional acts of their subordinates absent evidence of a causal link between the supervisor and a constitutional deprivation. *See LaMarca v. Turner*, 995 F.2d 1526, 1538 (11th Cir. 1993).   *See also e.g*., *Averhart v. Warden*, 590 F. App'x 873, 874 (11th Cir. 2014) ("Averhart's contention that . . . defendants are legally responsible for his safety is just a legal conclusion: it is not a meaningful factual allegation and, therefore, is insufficient to preclude dismissal.").   Though Plaintiff does allege that the Warden is responsible for setting "policy" and for the "supervision" of the penitentiary's "medical department," his statements are conclusory and do not include any specific facts linking the Warden to his denial of care.   *See Twombly*, 550 U.S. at 557 ("naked assertion[s]" devoid of "further factual enhancement" are not sufficient to state a claim).

Plaintiff's Complaint does, on the other hand, include factual allegations related to the actions of the unidentified U.S. Marshal.   Still, to state a *Bivens* claim for denial of medical care, a plaintiff must show more than that he suffered from serious medical condition and was not provided care.   The Complaint must allege sufficient facts to show that the federal employee being sued acted with "deliberate indifference" this serious medical need – meaning that the defendant was both (1) aware of a serious risk of harm if medical treatment was not immediately provided, and (2) disregarded the risk of serious harm through conduct that was more than mere negligence. *Wilson v. Seiter*, 501 U.S. 294, 297 (1991); *Cagle v. Sutherland*, 334 F.3d 980, 987 (11th Cir. 2003).

Even excepting that the U.S. Marshal was personally aware of Plaintiff's serious medical need in this case, his allegations against the U.S. Marshal still fall short of showing a deliberate indifference.   Here, the Complaint merely alleges that the Marshal was present when Plaintiff was told he needed surgery; the U.S. Marshal then delivered Plaintiff back to the Jones County Jail the same day and returned nine days later to transport Plaintiff to a federal facility.   There is nothing in the Complaint to suggest that the U.S. Marshal was aware that Plaintiff would not be provided the care he needed by the Jail officials or that he otherwise knew Plaintiff had been denied care while confined in Jones County in the following days.   In other words, Plaintiff has not alleged facts showing that the Marshall disregarded a risk of serious harm when he left Plaintiff in the custody of Jones County. *See id.*

Even if the U.S. Marshall did have some duty to follow up or report the physician's findings to the Bureau of Prisons prior to February 26, 2015, the Complaint does not allege any such failure.   Plaintiff in fact alleges that Jones County officials had been notified of the severity of Plaintiff's medical condition and that the U.S. Marshal then also delivered the relevant medical information to the federal penitentiary.   The Plaintiff in fact alleges that, upon his transfer, officials at the penitentiary were "explicitly informed of the dire need for immediate surgery on [Plaintiff's] left eye in order to restore his vision." Plaintiff has thus not only failed to allege deliberate indifference, but the facts do not even suggest a plausible basis for finding that the U.S. Marshal acted negligently in response to the information he was provided.   *See Twombly*, 550 U.S. at 557 (complaint must allege facts from which the inference of a violation is "plausible," not merely speculative).

### 2. FTCA Claims

Plaintiff also appears to bring claims against the United States under the FTCA. The FTCA provides a "limited waiver" of sovereign immunity, "making the United States liable for 'injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment.'" *JBP Acquisitions, L.P. v. United States ex rel. FDIC*, 224 F.3d 1260, 1263 (11th Cir.2000) (quoting 28 U.S.C. § 1346(b)(1)).   As found above, however, Plaintiff's Complaint has not sufficiently alleged a negligent or wrongful act or omission by any of the individual defendants.   As such, he also failed to state a claim against the United States under the FTCA.

### V.   **Conclusion**

For these reasons, and because the statute of limitations will not bar refiling, Plaintiff's Complaint is hereby **DISMISSED WITHOUT PREJUDICE**,[3] under 28 U.S.C. § 1915(A)(b), for failure to state a claim.

        **SO ORDERED**, this 13th day of July, 2016.

        S/   C. Ashley Royal
        C. ASHLEY ROYAL
        UNITED STATES DISTRICT JUDGE

---

3 When a *pro se* plaintiff's claims are dismissed for failure to state a claim, and more carefully drafted allegations might state a claim, the dismissal should be without prejudice. *See Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir.1991) ("a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice").   Because Plaintiff's allegations arising out of events occurring within the last two years, it does not appear that the statute of limitations would bar Plaintiff's refilling.